### CARTER et al. Ex Parte.

Commissioners of Courts—*Compensation of, etc.*—Courts have a large discretion in determining the allowances to be made commissioners and similar officers appointed by them, and that discretion will not be interfered with, unless palpable injustice should result from its exercise; but the exercise of that discretion must be done by the court acting directly upon the report or matter before it, and not by or through the intervention of a master or other person appointed for that purpose.

#### APPEAL FROM RANDOLPH CIRCUIT COURT.

Hon. Elisha Baxter, *Circuit Judge.*

*A. H. Garland and T. J. Ratcliffe,* for Appellants.

Searle, J.—The appellants, in this case, brought their *ex parte* action, in equity, to the Randolph Circuit Court, for the settlement, sale, division, etc., of the estate of Amy C. Marr, deceased, to which they were heirs.  The estate was referred

by the court to Charles F. Bode, as commissioner, for settlement,. sale, etc., who acted in pursuance of his appointment and made his report to the court. The court, by an order, fixed his compensation for these services at five per centum, on a sum not to exceed ten thousand dollars. The appellants objected to this amount as being excessive, and asked for a re-hearing of the matter, and to be permitted to introduce evidence to show what would be a reasonable allowance to the commissioner for his services. The re-hearing was granted, and the court appointed a special master to determine such allowance. In pursuance of his appointment, the special master made his investigation, and reported to the court that over ten thousand dollars of assets passed through the commissioner's hands; whereupon the court, by an order, fixed the compensation of the commissioner at five per centum of this amount. The appellants again objected, upon the ground that the allowance was unreasonable, and that they should be permitted to introduce evidence to the court, as to what was reasonable, and they appealed to this court. Circuit Courts have a large discretion in determining the allowances to be made to commissioners and officers of similar character for their services; and this court is not disposed to interfere with such discretion, unless palpable injustice should result from its exercise. In this case the allowance made to Bode, though it seems to be unreasonably large, is not so absurdly large as to justify us in inquiring into it, were it not for the manner the Circuit Court arrived at its ascertainment. In. deed, this is the only question we are disposed to direct our attention to. The court should have ascertained, directly from the commissioner's report, and other evidence, if necessary, in order to satisfy itself what should be allowed the commissioner in payment for his services, and not indirectly by the interposition of a special master.

Bode, himself, acted in the capacity of a special master in chancery, in the settlement of the estate; and it was certainly improper for the court to appoint a special master to

determine what amount should be his compensation. Had there been objections as to the allowances of this last special master, would the court have appointed a third? There certainly would have been as good reason for the appointment of a third, as of the second, and a fourth for that matter, and so on *ad infinitum.*

The order of the court below is reversed, and the cause remanded to be proceeded in, in a manner not inconsistent with this opinion.